UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN FOGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:13-CV-008 JD |
| | ) |
| RAY HOBBS, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

John Fogle, a *pro se* prisoner housed in Arkansas, filed this habeas corpus petition attempting to challenge an Indiana felony warrant for a probation violation as well as Indiana's purported violations of the Interstate Agreement on Detainers (IAD). Fogle explains that despite repeated letters to the Lake County Prosecutor, Indiana will not extradite him for trial.

First, it must be noted that neither the United States Supreme Court nor the Seventh Circuit have yet decided whether habeas corpus relief is available for a violation of the IAD. "[W]e have reserved the question whether federal habeas review is available to check violations of the IAD's speedy trial prescriptions when the state court disregards timely pleas for their application." *Reed v. Farley*, 512 U.S. 339, 355 (1994) (plurality opinion).[1] Nevertheless, the Seventh Circuit, citing *Reed*, has recognized that "errors so fundamental that a 'complete miscarriage of justice' may have occurred" would justify habeas corpus relief. *Woodruff v. United States*, 131 F.3d 1238, 1241 (7th Cir. 1997). However, it is unnecessary to resolve whether this is such a case, because Fogle has not exhausted his claims in the State courts.

---

[1] Though this quote is from a portion of the opinion that was supported by only a plurality of the Court, it accurately states that *Reed* did not resolve whether habeas corpus relief could be granted for violations of the IAD.

Before a district court can grant habeas corpus relief, a petitioner must have exhausted his claims in the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Here, Fogle has presented his claims to the Lake County Prosecutor, but he has not raised them with the State trial court in Lake County where the probation violation charge is pending against him. This is even less than what the petitioner had done in *Boettcher v. Doyle*, 105 Fed. Appx. 852 (7th Cir. 2004). There, Boettcher filed "motions under the IAD asking the trial court to try him within 180 days. But exhaustion required Boettcher to pursue every available appeal." *Id.* at 854. Like Boettcher, Fogle has neither appealed to – or otherwise sought review by – the Indiana Supreme Court. In *Boettcher*, the Seventh Circuit affirmed the district court's dismissal of the habeas corpus petition because it was unexhausted. So too, this habeas corpus petition must be dismissed without prejudice so that Fogle can return to the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Fogle has not yet been brought to trial. Therefore, none of the 1-year period of limitation set forth in 28 U.S.C. § 2244(d) has expired. Thus, the dismissal of this petition will not end his chance of federal review after he exhausts his State court remedies.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists

would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Though jurists of reason could debate whether habeas corpus relief can be granted for a violation of the IAD, that is not the basis for the ruling in this case. Here, Fogle has not exhausted his claims. There is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied.

For the foregoing reasons the court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

ENTERED:  March 1, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court